2009R01422/JTE/JNM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 13- 58㉠ |
| | : | |
| v. | : | |
| | : | |
| ANGELO D. CALABRESE | : | 18 U.S.C. §1952(a)(3) and 2 |

I N F O R M A T I O N

The defendant having waived in open court prosecution
by indictment, the United States Attorney for the District of New
Jersey charges:

1. At all times relevant to this Information:

a. The defendant, ANGELO D. CALABRESE, was a
medical doctor licensed to practice medicine in the State of New
Jersey.

b. Biodiagnostic Laboratory Services, LLC
("BLS") was a clinical blood laboratory headquartered in
Parsippany, New Jersey that, among other things, performed tests
on the blood specimens of patients referred to BLS by doctors,
and then billed payors and others for those tests and related
services.

c. From at least in or about 2009 through in or
about April 2013, Craig Nordman was a BLS employee.

d.   David Nicoll was an owner and the President of BLS, and generally directed and supervised William Dailey's activities at BLS.

e.   The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled.  Medicare was a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f) and a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).  Individuals who receive benefits under Medicare are commonly referred to as "beneficiaries."

f.   The Medicare Part B program was a federally funded supplemental insurance program that provided supplementary Medicare insurance benefits for individuals aged sixty-five or older, and certain individuals who are disabled.  The Medicare Part B program paid for various medical services for beneficiaries, including blood tests and related services.

g.   BLS was an approved Medicare provider, and Medicare paid BLS for performing blood tests and related services on beneficiaries who were referred to BLS by physicians participating in Medicare.

h.   Private health insurance companies (hereafter, "Private Payors") including Horizon Blue Cross/Blue Shield ("Blue Cross/Blue Shield"), were corporations in the business of providing health care insurance to individuals and entities under

- 2 -

various insurance policies (the "insureds"), pursuant to which
Blue Cross/Blue Shield and other Private Payors paid BLS for
blood tests and related services performed for insureds who had
been referred to BLS by physicians participating in their
provider networks.

2.   From at least in or about September 2010 through in
or about April 2013, in Morris County, in the District of New
Jersey, and elsewhere, defendant

ANGELO D. CALABRESE

knowingly and intentionally used and caused to be used the mail
and any facility in interstate commerce with the intent to
promote, manage, establish, carry on, and facilitate the
promotion, management, establishment, and carrying on of an
unlawful activity, that is, commercial bribery, contrary to
N.J.S.A. §2C:21-10 and Title 18, United States Code, Section
1952(a)(3) and, thereafter, did perform and attempt to perform
acts to promote, manage, establish, carry on, and facilitate the
promotion, management, establishment, and carrying on of such
unlawful activity, to include, as follows:

a.   From in or about September 2010 through in or about
April 2013, BLS paid defendant ANGELO D. CALABRESE bribes that,
in the aggregate, exceeded $130,000.  In return, defendant ANGELO
D. CALABRESE referred patient blood specimens to BLS that BLS
used to submit claims to Medicare and the Private payors and
collect from those payors at least in or about $600,000.

- 3 -

b.   The claims BLS submitted for blood testing and other services to Medicare and the Private Payors included charges for tests on blood specimens referred to BLS by defendant ANGELO D. CALABRESE in return for bribe payments.

c.   On or about December 11, 2012, Medicare paid BLS - by an electronic transfer of funds that originated outside of the State of New Jersey and was received by BLS inside the State of New Jersey - a sum of money for claims and related items submitted by BLS for blood testing on Medicare beneficiaries.   A portion of the money paid by Medicare to BLS was for tests performed by BLS on blood specimens referred to BLS by or at the direction of defendant ANGELO D. CALABRESE in return for bribe payments.

d.   On or about January 7, 2013, David Nicoll caused Craig Nordman to deliver a check to defendant ANGELO D. CALABRESE to induce defendant ANGELO D. CALABRESE to refer the blood specimens of defendant ANGELO D. CALABRESE's patients to BLS for testing and related services.   The check, bearing #1287, was drawn on a BLS account in the amount of $1,500 and signed by Craig Nordman.

e.   On or about January 22, 2013, defendant ANGELO D. CALABRESE caused check #1287 to be deposited into a bank account that he controlled.

In violation of Title 18, United States Code, Section 1952(a)(3) and Title 18, United States Code, Section 2.

- 4 -

## FORFEITURE ALLEGATION

1.    The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2.    Upon conviction of the offense in violation of Title 18, United States Code, Sections 1952(a)(3) and 2, the defendant, ANGELO D. CALABRESE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), all right, title, and interest in the sum of $334,000, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense of conviction.

3.    If any of the property described above, as a result of any act or omission of the defendant:

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third party;

        c.   has been placed beyond the jurisdiction of the court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided without difficulty, the United States shall be

- 5 -

entitled, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(7), to forfeiture of any other property of the defendant, ANGELO D. CALABRESE, up to the value of the property described in the preceding paragraph.

_____
PAUL J. FISHMAN
UNITED STATES ATTORNEY

CASE NUMBER: _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

ANGELO D. CALABRESE

INFORMATION

18 U.S.C. § 1952(a)(3) and 2

PAUL J. FISHMAN
U.S. ATTORNEY NEWARK, NEW JERSEY

JACOB T. ELBERG
JOSEPH N. MINISH
ASSISTANT U.S. ATTORNEYS
NEWARK, NEW JERSEY
973.645.2700